# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J. D. HOOPER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 19-421-RAW-KEW ) |
| JIMMY MARTIN, Warden, | ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at North Fork Correctional Facility in Sayre, Oklahoma. On December 12, 2019, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his convictions and sentences in Adair County District Court Case No. CF-2012-100 for three counts of First Degree Rape (victim under age 14) (Counts 1-2), and three counts of Sodomy (victim under age 16) (Counts 4-6). He raises eleven grounds for relief:

    I.    Whether the district court erred by denying his motions for mistrial based on a prejudicial occurrence.

    II.    Whether prosecutorial misconduct deprived him of a fair trial.

    III.    Whether the district court abused its discretion by admitting expert opinion testimony, because prosecutor failed to inform defense would be made a part of the case.

    IV.    Whether the district court erred by failing to instruct the jury that he would be required to register as a sex offender.

> V. Whether his sentences are excessive and should be reduced under the circumstances of this case.
>
> VI. Mr. Hooper was denied his Sixth Amendment effective assistance of counsel on direct appeal.
>
> VII. The evidence at trial [was] insufficient to sustain Hooper's conviction.
>
> VIII. It was error for the trial court to overrule defendant's motion for mistrial made as a result of witness William Baldridge's incantations.
>
> IX. Fundamental error occurred at trial [denying Petitioner] a fair trial under the Equal Protection Clause [and resulting] in a wrongful conviction.
>
> X. Petitioner now brings "newly discovered evidence" that was not introduced at trial in the form of a sworn affidavit to support his actual innocence.
>
> XI. Petitioner was denied Sixth Amendment effective assistance of trial counsel.

On March 25, 2020, Petitioner filed a motion to amend the petition by adding another habeas claim (Dkt. 14). On the same date, he also filed a motion for stay and abeyance of habeas proceedings while he exhausts the claim presented in his motion to amend (Dkt. 15). Respondent has filed responses in opposition to both motions (Dkts. 18, 19).

Petitioner's proposed Ground XII alleges, "The State Court Proceedings Were Void Ab Initio Because The State Court Lacked Jurisdiction Over The Crimes" (Dkt. 14). He concedes this ground is unexhausted and asks for a stay and abeyance of these habeas proceedings while he exhausts his state court remedies (Dkt. 15). Respondent alleges Petitioner's motion to amend the petition must be denied because (1) the proposed

amendment does not comply with the form requirements of Local Civil Rule 9.2(c), and (2) the newly-asserted claim is barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d).

**Local Civil Rule 9.2(c)**

Respondent correctly asserts Petitioner's proposed amended petition fails to conform to the Court's Local Civil Rule 9.2(c), which states in pertinent part:

> Unless otherwise permitted by the Court, each pleading to which an amendment is permitted as a matter of right, or which has been allowed by order of the Court, must be retyped or handwritten and filed so that it is complete in itself including exhibits, without reference to the superseded pleading.

*Id.*

Petitioner's proposed amended petition actually is a proposed supplement to the original petition which attempts to add "Ground 12" to the original petition. For the reasons discussed below, however, the Court finds it would be futile to allow Petitioner to file a proper amended petition with all of his claims.

**Proposed Habeas Claim**

Petitioner is asking to add a jurisdictional claim to his habeas petition. He asserts he and the victim are Indians, and his crimes occurred in Indian country, making jurisdiction exclusively federal. Petitioner further contends his state court proceedings are void because jurisdiction is exclusively federal, and he should immediately be released from state custody. His proposed amendment cites no legal authority for this claim.

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Fed. R. Civ. P. 15(a)(2), a "court should freely give leave" to amend pleadings "when justice so requires." A state prisoner, however, ordinarily has only one year from the date his conviction became final to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). When a state prisoner seeks leave to amend his habeas petition after the expiration of that one-year limitation period, Rule 15(c)'s provisions governing the relation back of amendments come into play.

Generally, an amendment can relate back to the original filing date if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). With respect to amendment of a habeas petition, however, the Supreme Court has determined that "[a]n amended habeas petition . . . does not relate back (and, thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). That the new ground for relief is related to the petitioner's trial and conviction is, by itself, insufficient. *Id.* Rather, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659 (citations omitted).

The record shows that Petitioner's Judgment and Sentence was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) on August 8, 2014, in Case No. F-2013-923


(Dkt. 19-2).  Petitioner did not appeal to the United States Supreme Court, therefore, his conviction became final 90 days later on November 6, 2014 (Dkt. 19-2).  *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed).  The statutory year began to run the next day on November 7, 2014, and it expired on November 7, 2015.  *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending.  On July 28, 2015, Petitioner filed his first application for post-conviction relief in the state district court (Dkt. 19-3).  The state district court denied the post-conviction application on July 16, 2019 (Dkt. 19-4).  Petitioner appealed to the OCCA, and on December 4, 2019, the OCCA affirmed the denial of post-conviction relief in Case No. PC-2019-27 (Dkt. 19-5).  Petitioner then had 102 days from December 4, 2019, to March 16, 2020, to present his habeas corpus claims to the Court within the limitation period.

Petitioner filed his timely original petition for a writ of habeas corpus on December 12, 2019 (Dkt. 1).  On March 25, 2020, he filed his motion to amend the petition (Dkt. 14) and submitted his proposed amendment.  Because the motion to amend was filed after the

March 16, 2020, deadline, it was untimely. Also on March 25, 2020, Petitioner filed a second application for post-conviction relief in the state district court, alleging "the State of Oklahoma lacked jurisdiction because of the Major Crimes Act gives the Federal Government exclusive jurisdiction to prosecute rape, and sodomy crimes, committed by Indians against Indians in Indian Country" (Dkt. 19-6 at 1). According to the Oklahoma State Courts Network, the second post-conviction application still is pending.[1]

After careful review, the Court finds Petitioner's motion to amend the petition was untimely under 28 U.S.C. § 2244(d). The Court further finds it is clear that the newly-asserted claim does not share any common facts with Petitioner's original claims as set forth above. Instead, Petitioner's newly-asserted claim alleges he is entitled to habeas relief because the state court lacked jurisdiction over his crimes. Further, the proposed claim is "supported by facts that differ in both time and type from those the original pleading set forth." *Felix*, 545 U.S. at 650. Therefore, the motion to amend the petition (Dkt. 14) and the motion for stay and abeyance of habeas proceedings (Dkt. 15) must be DENIED.

**ACCORDINGLY**, Plaintiff's motion to amend the petition (Dkt. 14) and his motion for stay and abeyance of habeas proceedings (Dkt. 15) are DENIED.

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

**IT IS SO ORDERED** this 18th day of June 2020.

*/s/ Ronald A. White*

Ronald A. White
United States District Judge
Eastern District of Oklahoma